[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is the matter of Michael Kleinschmidt v. Patricia Kleinschmidt, and the issue before me is a motion for contempt. By way of factual background: On November 27, 1997 the Kleinschmidts received a divorce and the financial orders were agreed to. That agreement provided in part that Mr. Kleinschmidt would receive certain property in the town of Marlboro and that he would give Mrs. Kleinschmidt a promissory note in the amount of $31,662.82. That promissory note is secured by mortgage and due upon death, sale of the premises, remarriage or failure to use the home as a principal place and/or specific date. Also in that agreement, Article 6 provided as follows: That when it became due it could either be less or more, depending on the provisions of Article 8.
In Article 8 the parties provided for disputed household expenses related to the final amount on the note. The parties disputed a division of certain expenses to run the household during the pendency of the case including medical and dental expenses. They agreed to use a mediator and/or arbitrator to resolve that dispute. They agreed to decide on an arbitrator within thirty days, and they also agreed to be bound by the decision of the mediator acting as an arbitrator. They further agreed that if the plaintiff, Mr. Kleinschmidt, owed money by virtue of this division of expenses that they had agreed to, that money would be added to the amount that was due on the mortgage, and they further provided that in the event the defendant owed money to the plaintiff, that money would be deducted from the amount that was due at the time.
In any event, there was a dispute. It was never resolved by mediation. Both parties were probably at fault for that. This Court was asked to mediate and it became impossible for the Court to mediate or even arbitrate because the expenses were in fact so minute it would take the Court the better part of the year just to distinguish what bills were being referred to. In any event, as a result thereof, the Court suggested that the parties resolve the dispute arbitrarily. They did. Mr. Kleinschmidt just paid an amount and the interest thereon even though he CT Page 14841 disputed it. The argument was made that because he held out too much he was in contempt of court. The Court finds no contempt. There were legitimate disputes between the parties who would dispute almost everything. This Court thinks it was a sport between the two of them. The Court does not find any intention to violate the court orders and therefore, Mr. Kleinschmidt did in fact pay the amount required plus interest.
Mr. Kleinschmidt's former wife is seeking attorney fees. Since the Court finds no contempt, it will not award counsel fees on the basis of the contemptuous action, but the Court did look at the particular financial affidavits of the parties under Section 46b-62 of the Connecticut General Statutes. The Court finds that there is no substantial difference between the parties' income flow and their personal asset position. Therefore, there is no real reason for Mr. Kleinschmidt to pay Mrs. Kleinschmidt any monies by virtue of this contempt action for two reasons: (1) there was no contempt; and (2) the plaintiff and defendant's monetary situation is essentially very close to the same.
Motion for counsel fees is denied.
___________________, JTR Barall CT Page 14842